IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

VINCE SANDOVAL,

    Plaintiff,

vs.    Case No. 1:20-cv-00162 KWR/JFR

MCKINLEY COUNTY ADULT DETENTION CENTER,
MCKINLEY COUNTY, STEVE SILVERSMITH,
MABEL HENDERSON, FNU AHSLEY, JOHN DOE,
FNU BARRELL, JOHN DOES 3 AND 4,
THE STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS,
DEPARMTENT OF CORRECTIONS DOCTORS DOE 1 AND 2,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant McKinley County's Motion to Dismiss, filed on March 2, 2020 **(Doc. 2).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken in part and, therefore, is **GRANTED IN PART** and **DENIED IN PART.**

### BACKROUND

Plaintiff alleges he was attacked by other inmates and guards while incarcerated, resulting in an injury to his leg. Plaintiff asserts this attack was part of a pattern of attacks by Native American inmates on non-native American inmates. He alleges that staff participated in or knew about the pattern of attacks. Plaintiff alleges his injury requires surgery and he has not yet received appropriate medical care.

Plaintiff filed his complaint on June 1, 2017 in McKinley County, Eleventh Judicial District Court, New Mexico. The complaint was not served on Defendants at that time. No other filings or action were taken in the case for over two years until July 24, 2019, when the state court dismissed the case without prejudice for lack of prosecution. **Doc. 1-3 at 8.**

Plaintiff moved for reinstatement on August 13, 2019. The motion provided that counsel's communications with Plaintiff were encumbered because Plaintiff is incarcerated. Plaintiff asserted that he was working on an amended complaint to address his changing medical condition, and to add claims against the Department of Corrections for medical neglect and deliberate indifference. Plaintiff's counsel asserted he was close to completing the amended complaint when the case was dismissed, but he needed to talk to his client. Plaintiff's counsel attached an amended complaint to the motion to reinstate but asserted that another call was scheduled with Plaintiff. Plaintiff asserted that Defendant McKinley County was not prejudiced in this matter as they have been on notice of the claims through two separate tort claims notices.

The State Court reinstated the case on August 19, 2019 and provided that Plaintiff could file an amended complaint. Plaintiff filed a request to set a scheduling conference on October 22, 2019. The Amended Complaint was not filed until January 27, 2020, and it appears that Defendant McKinley County was served on February 17 or 18, 2020. This case was removed by Defendant McKinley County on February 25, 2020. The parties appear to agree that statute of limitations has run. Plaintiff's amended complaint asserts the following claims:

> Count I: Assault, battery and excessive force against Defendants Captain John Doe 1, Lieutenant Barrell, Sergeant John Doe 2, corrections officers John Doe 3, and 4.
>
> Unnumbered count: Negligence, intentional infliction of emotional distress, negligent infliction of emotional distress and malicious abuse of process.

>Count II: Supervisory Liability and state law claims for *respondeat superior*, failure to train, and failure to supervise against Defendants McKinley County, Warden Henderson, and McKinley County Detention Center.
>
>Count III: Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress and Violation of Civil Rights.
>
>Count IV: Deliberate Indifference pursuant to Eighth Amendment against County Defendants and Department of Corrections.

This motion was fully briefed on April 20, 2020 and is ready for disposition.

## LEGAL STANDARD

Defendant McKinley County filed this motion pursuant to Fed. R. Civ. P. 12(b)(6). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.*

## DISCUSSION

Defendant McKinley County appears to ask the Court to (1) dismiss the claims against it for defects in service and statute of limitations violations, and (2) dismiss certain claims against it for failure to state a claim.

**I.  Plaintiff's claim will not be dismissed for defect in service or statute of limitations violation.**

Defendant McKinley County asks the Court to find that Plaintiff failed to timely serve the complaint, and therefore violated the statute of limitations. Defendant argues that Plaintiff failed

to exercise reasonable diligence in serving the compliant. Defendant appears to assert that because service was defective and the statute of limitation has passed, this case must be dismissed on statute of limitations grounds. The Court disagrees that service was defective or that the applicaible statute of limitations has been violated.

### A. Legal Standard.

Federal law governs removed cases. Fed. R. Civ. P. 81(c)(1). However, "federal courts in removed cases look to the law of the forum state ... to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010); *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016). The conduct at issue occurred in state court prior to removal. Therefore, the Court applies "state procedural rules to preremoval conduct." *Hart v. Capgemini U.S. LLC Welfare Ben. Plan Admin. Document*, 547 F. App'x 870, 872 (10th Cir. 2013).

Under New Mexico law, the time for commencing an action consists of the applicable limitations period plus a reasonable amount of time for service of process. *Romero v. Bachicha*, 28 P.3d 1151, 1156 (N.M. 2001). Specifically, the applicable New Mexico Rule of Civil Procedure provides that a plaintiff must use reasonable diligence to serve a defendant. *See* N.M. Rule Ann. § 1-004(C). The district court has "discretion to determine whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness." *Graubard v. Balcor Co.*, 999 P.2d 434, 437 (N.M. Ct. App. 2000); *see also Prieto v. Home Ed. Livelihood Program*, 616 P.2d 1123, 1127 (N.M. Ct. App. 1980). The objective reasonableness standard requires the court "to consider the totality of circumstances and to weigh the actions taken by [the plaintiffs] to obtain service against the prejudice to the [defendants] resulting from the delay of service." *Martinez v. Segovia*, 62 P.3d 331, 338 (N.M. Ct. App. 2002).

Dismissal does not require a finding of intentional delay. Rather, "a dismissal for failure to prosecute [with reasonable diligence] is functionally the same as a dismissal for negligence in prosecution." *Graubard v. Balcor Co.*, 2000-NMCA-032, ¶ 8, 128 N.M. 790, 792, 999 P.2d 434, 436.

New Mexico Civil Rule 1-015(c)(3) provides for relation back when a party receives the required notice "within the period provided by Rule 1-004(c)(2) NMRA for serving process." Rule 1-004(c)(2) provides that service shall be made with reasonable diligence.

**B.     Analysis.**

After two years of inactivity, the state court dismissed then reinstated this case in July and August 2019 and allowed Plaintiff to file an amended complaint. "[T]wo years is more than sufficient to demonstrate a lack of due diligence." *Musick v. Sierra Nevada Prop. Mgmt. Co., LLC*, No. 34,134, 2016 WL 3419107, at *4 (N.M. Ct. App. May 3, 2016). However, this Court should not disregard the state court's decision to reinstate the case. *See Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016) (Reversing federal district court's dismissal of case in light of "the district court's manifest disregard for the state court's [] decision [to reinstate case]…we do not take lightly the notion that [Defendant] can avoid this suit in federal court after the state court expressly allowed the case to proceed, whether its decision amounted to a good cause finding or not. Such a result is not "a just result," [] because it is inequitable as it is incompatible with our discouragement of forum-shopping.") (internal citations omitted).

Upon reinstating the case, the state court directed Plaintiff to file an amended complaint. Plaintiff took five months to file his amended complaint, and then less than a month to serve his amended complaint. It is not clear whether the Court should consider the five-month delay in filing the amended complaint as a lack of reasonable diligence in *serving* the complaint. Even if

the Court were to do so, the six-month additional delay under the totality of the circumstances does not warrant dismissing the claims against Defendant McKinley County.  In his motion to reinstate, Plaintiff asserted that he needed to amend his complaint to add additional Defendants based on alleged deliberate indifference in the treatment of his injury.  Plaintiff's counsel stated that he needed to talk with his client, and there were delays in doing so because his client was incarcerated.  A comparison between the complaint attached to the motion to reinstate and the one actually filed indicates some changes.  Plaintiff asserts that he already provided a tort claim notice to Defendant McKinley County.  Defendant did not object to that representation.  The order issued by the state court did not provide a deadline to file the amended complaint.  Under these circumstances, the Court cannot say that the five months to file the complaint and a month to serve it constituted a lack of reasonable diligence warranting dismissal of the case.

**C.     Removal would have given Plaintiff another chance to serve Defendant McKinley County.**

Even if service upon Defendant McKinley County had been defective in state court, upon removal Plaintiff would get another chance to effectuate service.  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706–07 (10th Cir. 2010) (district court's dismissal of case for untimely service and violation of statute of limitations reversed because case was removed to federal court, restarting time to serve complaint), *citing* 28 USC § 1448 and Fed. R. Civ. P. 4(m).  This is the case even where statute of limitations issues are implicated.  *Wallace*, 596 F.3d at 706-707.

Section 28 USC § 1448 provides as follows:

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be  completed or new process issued in the same manner as in cases originally filed in such district court.

Federal Rule of Civil Procedure 4, in turn, allows a plaintiff 90 days from the date the complaint is filed in which to serve a defendant with process. Fed. R. Civ. P. 4(m). The Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured." *Palzer v. Cox Okla. Telecom, LLC*, — F. App'x —, 2016 WL 6818839, at *2 (10th Cir. Nov. 18, 2016)1; *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010). Therefore, even if service had been defective in state court, Plaintiff would have an additional 90 days from the date of removal to serve McKinley County.

## II.     Service as to Remaining Defendants.

The remaining Defendants also seek dismissal for failure to effectuate service. It is unclear whether the remaining Defendants have been served. If they have been served, Plaintiff is directed to file proof service on the record within fourteen days of the entry of this order.

Assuming the remaining Defendants have not been served, because this case was removed, it appears that Plaintiff receives another opportunity to serve the remaining Defendants within 90 days of removal. *Wallace*, 596 F.3d at 706-07; *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016) (reversing district court for dismissing and noting that plaintiff has 90 days from date of removal in which to perfect service); *see also Lamendola v. Bd. of Cty. Commissioners for Cty. of Taos*, No. CV 18-0163 KBM/SCY, 2019 WL 2371714, at *6 (D.N.M. June 5, 2019) (removal of action extended period for service to 90 days after removal). Therefore, Plaintiff may serve the remaining Defendants according to federal service of process rules. *Id.*

Specifically, Plaintiff must obtain a summons for each defendant to be served. Fed R. Civ. P. 4(b). The plaintiff is also "responsible for having the summons and complaint served" upon each defendant "within 90 days" of removal. Fed R. Civ. P. 4(c)(1), 4(m); *Wallace,* 596 F.3d at

7

706-07.  If service is not made within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

This ruling is without prejudice to the remaining Defendants to contest service.

### III. The Count II §1983 claims against Defendant McKinley County are Dismissed for failure to state a *Monell* claim.

Defendant McKinley County asserts that Plaintiff failed to adequately plead custom or policy under § 1983.  Defendant did not specify which claims it seeks to dismiss.  The Court assumes that Defendant seeks dismissal of Count II.  Count II is titled "Supervisor Liability and Respondeat Superior under State Law Claims for Respondeat Superior Failure to Train and Failure to Supervise."  To the extent Count II asserts a § 1983 claim, the Court agrees that such claim should be dismissed as to Defendant McKinley for failure to state a *Monell* claim.

Plaintiff asserts that he was assaulted by other inmates and guards, and that the assaults were part of pattern known to the staff of the detention center. Plaintiff cites to following allegations in his complaint.  **Doc. 6 at 8.**  He alleges that on or between May 15, 2015 and June 15, 2015, Plaintiff was assaulted in the detention center.  He asserts the assaults were part of a pattern of assaults on mostly non-Native American inmates by Native American inmates.  He stated that this pattern of assaults was known to the staff of the detention center and was known or should have been known to the County administrators in charge of running the jail.

Defendant McKinley County argues that Plaintiff failed to assert well-pled, non-conclusory allegations which would give rise to an inference that Defendant had a policy and custom which allowed assaults by Native American inmates on non-native American inmates.  The

8

Court agrees and concludes that Plaintiff failed to allege factual allegations to support a plausible *Monell* claim.

### A.     *Monell* standard

"A municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188–89 (10th Cir. 2010) (internal citation omitted).  "Municipalities can incur liability for their employees' constitutional torts only if those torts resulted from a municipal policy or custom." *Murphy v. City of Tulsa*, 950 F.3d 641, 644 (10th Cir. 2019).  To establish municipal liability under § 1983, a plaintiff must demonstrate: (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom and the injury alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).  A policy or custom may be shown as follows:

> 1. a "formal regulation or policy statement,"
> 2. an informal custom amounting to a "widespread practice that, although not authorized by a written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law,"
> 3. the decision of a municipal employee with final policymaking authority,
> 4. a policymaker's ratification of a subordinate employee's action, and
> 5. a failure to train or supervise employees.

*Murphy*, 950 F.3d at 644, *quoting Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).  Here, Plaintiff appears to assert an (2) informal custom and (5) failure to train or supervise employees.

**B.     Analysis.**

1.     <u>Informal Custom.</u>  "Municipalities may incur liability when they adopt unconstitutional longstanding practice[s] or custom[s] that become standard operating procedure[s]. A single unconstitutional incident is ordinarily insufficient for municipal liability. But a single incident may suffice when caused by an existing policy that can be attributed to a municipal policymaker." *Murphy*, 950 F.3d at 649 (internal citations and quotation marks omitted). The custom must be "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (citation omitted), *quoted in Brammer-Hoelter*, 602 F.3d at 1190.

As relevant here, Plaintiff alleges that (1) he was assaulted, (2) the attack was part of a pattern of Native Americans attacking non-native Americans, and (3) staff and "County Administrators" knew or should have known about the pattern of attacks. **Doc. 1-2 at 4.** These conclusory allegations fail to suggest the existence of a custom so widespread, permanent and well settled as to constitute the County's policy. *Brammer-Hoelter*, 602 F.3d at 1190.  Plaintiff did not plead factual allegations about the assaults themselves or how many occurred. It is unclear whether one or more than one assault occurred.  Plaintiff may not simply allege the conclusion that a custom exists, but must plead facts, if true, give rise to a plausible inference that a custom exists.

Plaintiff also does not plead that any pattern of assaults is caused by an existing policy that can be attributed to a municipal policy maker.

Moreover, Plaintiff failed to allege a connection between the pattern of assaults occurring at the detention center and the Board of County Commissioners or county policymaker.  Plaintiff summarily asserted that administrators of McKinley County knew or should have known about

10

the pattern of assaults. However, Plaintiff has not alleged which administrator knew about the pattern of attacks, and whether that administrator was a policymaker for the county.  In other words, it is unclear how any custom can be imputed to the board of county commissioners or county policymaker.  The County may not be held liable under § 1983 on a *respondeat superior* basis.

In his response, Plaintiff asserts that the pattern and practice was based on his own personal knowledge and statements by witnesses and party opponents.  **Doc. 6 at 7.**  However, Plaintiff did not set out those allegations in his response or complaint.

      2.  <u>Failure to Train or Supervise</u>. Plaintiff also alleges that Defendant McKinley County failed to train or supervise officers, who allowed the attacks to happen or participated in the attacks. "Municipal liability can also be based on a failure to train officers. But [a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.  The municipality can incur liability for a failure to train only upon proof of deliberate indifference, which is a stringent standard of fault. To satisfy this stringent standard, [Plaintiff] needed to show that the City had actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation and consciously or deliberately [chose] to disregard the risk of harm." *Murphy*, 950 F.3d at 650–51 (internal citations and quotation marks omitted).

Here, Plaintiff asserted conclusory allegations that Defendant McKinley County failed to train as to the supervision of inmates, the prevention of hate crimes in the jail and the proper use of force.  **Doc. 1-2 at 6.**  Plaintiff also alleged that "Defendants" refused to acknowledge the violence directed Plaintiff and were deliberately indifferent.  **Doc. 6 at 8.**  For the reasons stated above, Plaintiff failed to allege well-pled facts to support a plausible claim of failure to train or

supervise employees. Plaintiff cannot simply allege that there is a policy or custom in place, but must plead facts that, if true, would give rise to a plausible inference that a policy exists.

Plaintiff summarily asserts that Defendant McKinley County was deliberately indifferent, which the Court need not accept as true. Plaintiff has not pled whether the board of county commissioners was aware of the violence directed toward him. Plaintiff has also failed to plausibly plead that the board of county commissioners or county policymaker had knowledge that its failure to act was substantially certain to result in a constitutional violation and chose to disregard that risk. Plaintiff asserts that unnamed County administrators knew or should have known about the pattern of assaults. However, that is not sufficient to show deliberate indifference. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("It is not enough to establish that the official should have known of the risk of harm."); *Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1335, 203 L. Ed. 2d 579 (2019)( "[T]he official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have also drawn the inference.").

Plaintiff has not alleged well-pled facts to infer that McKinley County was aware of a substantial risk of harm to him. Plaintiff has not alleged any facts regarding the alleged assaults, the pattern of assaults, or officer involvement in the assaults. Plaintiff does not allege which administrators knew about the pattern of assaults, what they knew, or how that knowledge can be imputed to the board of county commissioners. Even if someone was aware of the pattern of assaults, it is unclear if they knew any facts underlying a possible constitutional violation.

Therefore, the *Monell* § 1983 claims in Count II are dismissed. This opinion does not address any other claims in Count II, such as supervisor liability as to state law claims.

**IV.    McKinley County Adult Detention Center is Not a Proper Party.**

Defendants also sought to dismiss the McKinley County Adult Detention Center. Plaintiff did not appear to object. As Defendant McKinley County asserts, governmental sub-units are not entities that may be sued under § 1983. *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010). As a general rule, "a detention facility is not a person or legally created entity capable of being sued." *Gallegos v. Bernalillo Cty. Bd. of Cty. Comm'rs*, 272 F. Supp. 3d 1256, 1264-65 (D.N.M. 2017), quoting *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished). Therefore, the McKinley County Adult Detention Center is dismissed as a party in this case.

## V.     Waiver of Immunity under New Mexico Tort Claims Act.

Defendant asserts that several of Plaintiff's state law claims should be dismissed, because there is no applicable waiver under the New Mexico Tort Claims Act. Specifically, Defendant appears to seek dismissal of the following claims: negligence, intentional infliction of emotional distress, negligent infliction of emotional distress. Defendant asserts that these specific claims are not waived under NMSA § 41-4-12 (law enforcement officers).[1]

### A     New Mexico Tort Claims Act.

Section 41-4-4 of the New Mexico Tort Claims Act grants immunity to a governmental entity and any public employee "while acting within the scope of duty." The same section also provides for waivers of this immunity, for example as provided for in Sections 41-4-5 through 41-4-12. As to law enforcement officers, immunity is waived as follows:

> resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

---

[1] The Court notes that prison guards and state corrections officers are not law enforcement officers for under 41-4-12. Therefore, it appears that immunity is not waived as to corrections officers. *Garcia v. Martinez*, 414 F. Supp. 3d 1348, 1357 (D.N.M. 2019), *citing Callaway v. New Mexico Dep't of Corr.*, 1994-NMCA-049, ¶ 12, 117 N.M. 637, 875 P.2d 393. This argument was not raised by Defendant, and the Court will therefore not raise it *sua sponte*.

13

§ 41-4-12 (Liability; law enforcement officers).  However, under Section 41–4–12, immunity is not waived for negligence standing alone. *See Bober v. New Mexico State Fair*, 111 N.M. 644, 654, 808 P.2d 614, 624 (1991) (while §41-4-12 waives immunity for negligence of a law enforcement officer or agency that caused one of the listed torts, "no case has held that simple negligence in the performance of a law enforcement officer's duty amounts to commission of one of the torts listed in the section.").  Immunity is waived for the negligent acts of officers which cause an enumerated tort.  *See Lessen v. City of Albuquerque*, 187 P.3d 179, 186, 144 N.M. 314, 321 (N.M.App. 2008); *Schear v. Bd. Of County Comm'rs,* 101 N.M. 671 (1984) (officer's alleged negligence in failing to respond to a call requesting assistance with a crime in progress that caused plaintiff to be raped by a third party, i.e., a battery).

### B.      Negligence Claim Survives

Plaintiff asserts that Defendants negligently caused third-party inmates to assault him. As noted above, immunity is not waived for negligence standing alone.  However, immunity is waived for negligence causing a specified tort or violation of rights.  *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 35, 144 N.M. 314, 321, 187 P.3d 179, 186; *See also Methola v. Eddy County*, 95 N.M. 329 (1980) (officers whose alleged negligence proximately had caused third-party inmates to commit an assault on plaintiffs).  The heart of Plaintiff's claims is that officers allowed inmates to attack other inmates.  Therefore, the Court concludes that Plaintiff's negligence claim falls under a waiver of immunity.

### C.      Emotional Distress Claims are Dismissed.

Plaintiff has not identified any waiver under the tort claims act for intentional or negligent infliction of emotional distress. *Encinias v. New Mexico Highlands Univ.*, No. 12-CV-835 WJ/KBM, 2012 WL 13076200, at *4 (D.N.M. Oct. 11, 2012), *citing Silva v. Town of Springer et*

*al.,* 121 N.M. 428, 435 (Ct. App. 1996) (affirming dismissal of emotional distress claim), *and Romero v. Otero et al.*, 678 F.Supp. 1535, 1540 (D.N.M. 1987) (intentional infliction of emotional distress not an enumerated tort under Tort Claims Act). Therefore, those claims are dismissed. *See Caillouette v. Hercules, Inc.,* 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct.App. 1992) (immunity not waived unless tort complained of falls within specifically recognized exception to Tort Claims Act), *cert. denied,* 113 N.M. 352, 826 P.2d 573 (1992). The Court does not address whether emotional distress damages may be available through other enumerated torts.

VI.     **Plaintiff fails to state a Malicious Abuse of Process Claim.**

Plaintiff asserts a malicious abuse of process claim. Plaintiff argues that after he was assaulted while incarcerated, he was arrested, handcuffed, and isolated without any further investigation of his claims. Defendant asserts that Plaintiff failed to state a claim. The Court agrees.

"One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Richardson v. Rutherford*, 787 P.2d 414, 420 (1990). The New Mexico Supreme Court combined the torts of abuse of process and malicious prosecution and restated the elements in *Durham v. Guest*, 2009-NMSC-007, ¶ 29, 145 N.M. 694, 701, 204 P.3d 19, 26. The elements of a malicious abuse of process claim are as follows: "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *Id.* "An improper use of process may be shown by (1) filing a complaint without probable cause, or (2) an irregularity or impropriety suggesting extortion, delay, or harassment[,] or other conduct formerly actionable under the tort of abuse of process." *Id.* "A use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices

15

such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt." *Id.* This tort "should be construed narrowly in order to protect the right of access to the courts, and as such it is disfavored in the law." *Mocek v. City of Albuquerque*, 813 F.3d 912, 936 (10th Cir. 2015) (internal citations and quotation marks omitted).

Plaintiff has not alleged facts going to these elements or cited to law suggesting that the arrest of an inmate after a fight in a jail may constitute malicious abuse of process under New Mexico law. Plaintiff merely alleges he was falsely arrested and does not assert the misuse of some judicial process, such as the filing of a criminal complaint. *See Durham v. Guest*, 2009-NMSC-007, ¶ 32, 145 N.M. 694, 702, 204 P.3d 19, 27 ("abuse of process torts have traditionally been limited to abuses in judicial proceedings."). Although Plaintiff requests an opportunity to amend his complaint, he has not put forth facts or argument in his response that would suggest that amendment would not be futile.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant McKinley County's Motion to Dismiss **(Doc. 2)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** as follows:

- McKinley County Adult Detention Center is **DISMISSED** as a party to this action.
- Any § 1983 *Monell* claim in Count II against Defendant McKinley County is **DISMISSED**. This opinion does not address other claims in Count II or any § 1983 claims in Count IV.
- Plaintiff's negligent and intentional emotional distress claims and malicious abuse of process claims are dismissed.

- If Plaintiff has served the remaining Defendants, Plaintiff shall file proof of service on the record within fourteen (14) days of the entry of this order.  Alternatively, if Plaintiff has not served them, he has until 90 days from the date of removal to do so.
- If Plaintiff fails to serve the remaining Defendants within 90 days of removal, Plaintiff shall show good cause why he was unable to do so.  Fed. R. Civ. P. 4(m).
- If Plaintiff fails to follow any Court orders or timely prosecute this case, the Court may dismiss the case without further notice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE