# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

VINCE SANDOVAL,

      Plaintiff,

vs.                                                        Case No. 1:20-cv-00162-KWR-JFR

MCKINLEY COUNTY ADULT DETENTION CENTER,
MCKINLEY COUNTY, STEVE SILVERSMITH,
MABEL HENDERSON, FNU AHSLEY, JOHN DOE,
FNU BARRELL, JOHN DOES 3 AND 4,
THE STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS,
DEPARMTENT OF CORRECTIONS DOCTORS DOE 1 AND 2,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant McKinley County's motion to dismiss the individual defendants due to lack of service in accordance with this Court's order, Rule 4(m), and to dismiss Count IV, filed on May 28, 2020 **(Doc. 10).** Plaintiff did not respond. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken, therefore, is **GRANTED.**

## BACKROUND

Plaintiff alleges he was attacked by other inmates and guards while incarcerated, resulting in an injury to his leg. Plaintiff asserts this attack was part of a pattern of attacks by Native American inmates on non-native American inmates. He alleges that staff participated in or knew about the pattern of attacks. Plaintiff alleges his injury requires surgery and he has not yet received appropriate medical care.

Plaintiff filed his complaint on June 1, 2017 in McKinley County, Eleventh Judicial District Court, New Mexico. The complaint was not served on Defendants at that time. No other filings or action were taken in the case for over two years until July 24, 2019, when the state court dismissed the case without prejudice for lack of prosecution. **Doc. 1-3 at 8.**

Plaintiff moved for reinstatement on August 13, 2019. The motion provided that counsel's communications with Plaintiff were encumbered because Plaintiff is incarcerated. Plaintiff asserted that he was working on an amended complaint to address his changing medical condition, and to add claims against the Department of Corrections for medical neglect and deliberate indifference. Plaintiff's counsel asserted he was close to completing the amended complaint when the case was dismissed, but he needed to talk to his client. Plaintiff's counsel attached an amended complaint to the motion to reinstate but asserted that another call was scheduled with Plaintiff. Plaintiff asserted that Defendant McKinley County was not prejudiced in this matter as they have been on notice of the claims through two separate tort claims notices.

The State Court reinstated the case on August 19, 2019 and provided that Plaintiff could file an amended complaint. Plaintiff filed a request to set a scheduling conference on October 22, 2019. The Amended Complaint was not filed until January 27, 2020, and it appears that Defendant McKinley County was served on February 17 or 18, 2020. This case was removed by Defendant McKinley County on February 25, 2020. The parties appear to agree that statute of limitations has run. Plaintiff's amended complaint asserts the following claims:

> Count I: Assault, battery and excessive force against Defendants Captain John Doe 1, Lieutenant Barrell, Sergeant John Doe 2, corrections officers John Doe 3, and 4.

> Unnumbered count: Negligence, intentional infliction of emotional distress, negligent infliction of emotional distress and malicious abuse of process.

> Count II: Supervisory Liability and state law claims for *respondeat superior*, failure to train, and failure to supervise against Defendants McKinley County, Warden Henderson, and McKinley County Detention Center.

>    Count III: Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress and Violation of Civil Rights.
>
>    Count IV: Deliberate Indifference pursuant to Eighth Amendment against County Defendants and Department of Corrections.

Defendant McKinley County filed a motion to dismiss for failure to state a claim and failure to serve. **Doc. 2.** The Court granted that motion in part and dismissed certain claims. **Doc. 9.**

However, as explained in detail in that memorandum opinion and order, removal gave Plaintiff a second bite at the apple to serve the individual Defendants. The Court directed Plaintiff to serve the individual defendants. It has now been six months since this case was removed from state court and over 90 days since the Court entered its opinion directing Plaintiff to serve the individual defendants or good cause why he should receive an extension. The Court ordered as follows:

- If Plaintiff has served the remaining Defendants, Plaintiff shall file proof of service on the record within fourteen (14) days of the entry of this order. Alternatively, if Plaintiff has not served them, he has until 90 days from the date of removal to do so.
- If Plaintiff fails to serve the remaining Defendants within 90 days of removal, Plaintiff shall show good cause why he was unable to do so. Fed. R. Civ. P. 4(m).
- If Plaintiff fails to follow any Court orders or timely prosecute this case, the Court may dismiss the case without further notice.

**Doc. 9 at 17.**

Since that order, Plaintiff has taken no action in this case. On May 28, 2020, Defendants filed a motion to dismiss for failure to serve the individually named defendants. Plaintiff did not respond to the motion or respond to the order directing him to show good cause why he did not serve the individual defendants.

The Court notes that this is part of a pattern of failure to prosecute in this case, detailed extensively in the Court's prior opinion in this case. **Doc. 9.** The Court adopts those facts and findings in this opinion.

**LEGAL STANDARD**

3

Defendant McKinley County filed this motion pursuant to Fed. R. Civ. P. 12(b)(6). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.*

## DISCUSSION

### I. Case is dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m), follow court order, and failure to prosecute.

Defendants request that the Court dismiss the claims against the individual Defendants for failure to serve pursuant to Fed. R. Civ P. 4(m) and the Court's order directing Plaintiff to serve the individual defendants. The Court agrees but will dismiss the entire case for the reasons stated below.

Plaintiff is "responsible for having the summons and complaint served" upon each defendant "within 90 days" of removal. Fed R. Civ. P. 4(c)(1), 4(m); *Palzer v. Cox Okla. Telecom, LLC*, — F. App'x —, 2016 WL 6818839, at *2 (10th Cir. Nov. 18, 2016) (The Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured."); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010). If service is not made within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a

specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

As explained in detail in the Court's prior opinion **(Doc. 9)** and incorporated herein, this case was dismissed in state court for failure to prosecute for two years. During that time Plaintiff did not serve the individual Defendants. The state court reinstated the case, and this case was removed by Defendant McKinley County. Because the case was removed to federal court, however, Plaintiff got another bite at the apple at serving the individual defendants, as required by Tenth Circuit precedent. *See* **Doc. 9.**

The Court directed Plaintiff to do as follows:

- If Plaintiff has served the remaining Defendants, Plaintiff shall file proof of service on the record within fourteen (14) days of the entry of this order. Alternatively, if Plaintiff has not served them, he has until 90 days from the date of removal to do so.
- If Plaintiff fails to serve the remaining Defendants within 90 days of removal, Plaintiff shall show good cause why he was unable to do so. Fed. R. Civ. P. 4(m).
- If Plaintiff fails to follow any Court orders or timely prosecute this case, the Court may dismiss the case without further notice.

**Doc. 9 at 17.**

Here, Plaintiff did not (1) show cause why he did not serve the individual Defendants as directed in the Court's opinion and (2) did not file a response to this motion to dismiss showing good cause why he has not served the individual defendants. The original complaint was filed on June 1, 2017 and was removed to this Court on February 25, 2020. It has been pending for over three years and pending in this Court for six months. Plaintiff had 90 days from the time this case was removed to serve the individual defendants and State of New Mexico. From the record, including the background and findings the Court made in its previous opinion incorporated herein **(Doc. 9)**, the Court finds no good cause to extend the deadline and therefore dismisses the unserved defendants pursuant to Fed. R. Civ. P. 4(m). Plaintiff has not shown that he has served New Mexico or the New Mexico Department of Corrections, either. The Court directed Plaintiff to file proof of service if he had done so. **Doc. 9 at 17.**

Because the Court is dismissing the case under Rule 4(m) which provides that the court "must" dismiss the case if good cause is not shown, the *Ehrenhaus* factors are not relevant. Dismissal for violation of Rule 4(m) is generally without prejudice.

However, the Court is also dismissing this case without prejudice for failure to prosecute and failure to follow court orders. To the extent the Court should consider those factors because of statute of limitations issues, the Court considers them as follows. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 922 (10th Cir. 1992); *Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) ("(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions.").

The delay in this case has been extreme and prejudicial to defendants. It has now been over three years since the complaint was filed and most defendants have not been served. Plaintiff was given multiple chances in federal and state court, as detailed in this opinion and the Court's prior opinion **(Doc. 9).**

The length of this delay would likely cause discovery issues and hinder Defendants' ability to investigate the claims. The initial events in this case occurred around June 2015 and the statute of limitations ran in June 2018. By delaying *any action whatsoever* in this case- including serving Defendants- Defendants have been deprived of the opportunity to conduct timely discovery.

Moreover, Plaintiff's culpability weighs heavily. In brief summary, this case was pending for two years with no action in state court and was dismissed for lack of prosecution. Plaintiff moved to reinstate the case to file an amended complaint, then took six months to file the amended complaint. This case was then removed to federal court. Following a motion to dismiss, the Court ordered Plaintiff to file a certificate of service, serve the remaining Defendants, or show good

cause why he could not do so. The Court also warned Plaintiff that failure to follow any further Court order or timely prosecute the case could result in dismissal of the case without further notice.

Plaintiff failed to follow court orders by (1) failing to file a notice of service, (2) serve the remaining defendants pursuant to Fed. R. Civ. P. 4(m), or (3) show good cause why he could not do so. That resulted in this second motion to dismiss. Plaintiff failed to respond to the motion to dismiss to show cause why the unserved defendants should not be dismissed and why Count IV should not be dismissed for failure to state a claim. Plaintiff's culpability therefore weighs heavily.

Moreover, the above facts show that Plaintiff has interfered in the judicial process. This case has been pending for over three years and the defendants have still not been served. This is a fundamental step necessary for the case to begin.

Finally, Plaintiff has been given notice that dismissal was a possibility if he failed to follow court orders or prosecute the case. His case was dismissed for failure to prosecute then reinstated in state court. That was Plaintiff's first notice. In federal court, Plaintiff was then *expressly warned* that failure to follow court orders or prosecute the case could result in dismissal of this case without prejudice. **Doc. 9 at 17.** Finally, McKinley County moved to dismiss for failure to follow court orders or serve the complaint and Plaintiff did not respond. Based on the above factors and findings, the Court finds that dismissal without prejudice is an appropriate remedy, even if it results in statute of limitation issues. Plaintiff did not identify a lesser appropriate sanction.

Therefore, the Court dismisses this case without prejudice for (1) failure to serve under Rule 4(m), (2) failure to follow court orders (Doc. 9) and (3) failure to prosecute this case.

**II.      Count IV is Dismissed with prejudice against McKinley County Defendants.**

Defendant McKinley County also requests that the Court dismiss Plaintiff's Eighth and Fourteenth Amendment medical deliberate indifference claim under Count IV.[1] The Court will dismiss with prejudice Count IV against the County Defendants for (1) failure to state a plausible deliberate indifference claim under Fourteenth and Eighth Amendments and (2) failure to plead a plausible *Monell* claim.

### A. Deliberate Indifference.

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

In *Estelle v. Gamble*, the Supreme Court held that "[a] prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by

---

[1] Plaintiff's custody status is unclear in the compliant. *See* Sawyers v. Norton, 962 F.3d 1270, 1275 (10th Cir. 2020) ("The parties refer to the deliberate indifference claim as an Eighth Amendment violation, but the constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause."). However, the deliberate indifference standard is substantially the same under the Eighth and Fourteenth Amendments. Per common practice, the Court will refer to the claim as deliberate indifference under the Eighth Amendment.

the Eighth Amendment.")). Such deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05.

Under the *Estelle* deliberate indifference standard, the test for constitutional liability of prison officials "involves both an objective and a subjective component." *Mata*, 427 F.3d at 751 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). First, Plaintiff must show "objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citation omitted).

If a plaintiff's claim is based on a delay in medical care, the plaintiff also must show that "the delay resulted in substantial harm." *Mata*, 427 F.3d at 751 (citation omitted). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* (citation omitted). In *Mata*, the Tenth Circuit clarified that, in determining whether the plaintiff has suffered substantial harm as a result of a delay in medical care, there are two distinct types of "substantial harm" that the Court may consider. 427 F.3d at 753. First, the Court may consider "some intermediate harm," such as the plaintiff's experience of prolonged or severe pain or suffering during the period when medical attention was withheld or delayed. *Id.* Second, the Court may consider "the last untoward event to befall" the plaintiff, such as the subsequent or long-term deleterious effect on the plaintiff's health caused by the prison's dilatory response to his medical needs. *Id.* Regardless of which type of harm the plaintiff seeks to establish, "the focus of the objective prong should be solely on whether the harm is sufficiently serious." *Id.*

9

Once a plaintiff has met the objective prong of the deliberate indifference test by demonstrating that his or her "medical need was objectively sufficiently serious and that defendants' delay in meeting that need caused [him] or her substantial harm," the plaintiff next must meet the subjective prong of the deliberate indifference test. *Id.* at 752. A plaintiff "may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of her condition." *Id.* at 756. "Even a brief delay may be unconstitutional." *Id.*

"The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind." *Id.* at 751. Specifically, the subjective component is met if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). Accordingly, a plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 847).

Assuming without deciding that Plaintiff's allegations meet the objective prong of the deliberate indifference test by sufficiently stating that his medical need was objectively sufficiently serious and that defendants' delay in meeting that need caused him substantial harm, there is no non-conclusory allegation in the Complaint that any defendant was subjectively indifferent to

Plaintiff's needs. Although Plaintiff alleges that the County Defendants were deliberately indifferent, he fails to put forth sufficient nonconclusory factual allegations to state a plausible claim.

### B. Plaintiff failed to allege plausible *Monell* policy or custom.

Even if Plaintiff had met the above standard, he failed to allege a policy or custom. The remaining served Defendant is McKinley County, an entity. County and state defendants cannot be held liable solely because they employ or oversee a tortfeasor. Such defendants can only be liable if they promulgate an official policy that leads to the constitutional violation. *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (holding that counties "are subject to liability [under § 1983] only for their official policies or customs"); *Hinton,* 997 F.2d at 782 (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."); *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights"). To state a claim against the County or state, the plaintiffs must allege facts showing: (1) an official policy or custom, (2) causation, and (3) deliberate indifference. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

Plaintiff has not alleged that McKinley County acted pursuant to an official policy or custom. The complaint neither identifies nor describes the offending policy or custom nor describes other instances in which defendants violated inmates' constitutional right to adequate medical care.

For these reasons, the Court will dismiss with prejudice Count IV as to the McKinley County Defendants. Given that Plaintiff has not responded to the motion to dismiss, this is an

amended complaint, and the case is over three years old, the Court will not *sua sponte* grant leave to amend.

## CONCLUSION

The Court dismisses with prejudice the § 1983 deliberate indifference claim (Count IV) against the McKinley County Defendants for failure to state a plausible claim. The Court dismisses the remainder of the case for failure to serve under Fed. R. Civ. P. 4(m), failure to follow court orders, and failure to prosecute.

**IT IS THEREFORE ORDERED** that Defendant McKinley County's Motion to Dismiss **(Doc. 10)** is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the remainder of this case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m), failure to follow court orders and failure to prosecute.

A separate judgment will be entered.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE